JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-1210-MWF (x) | Date: April 19, 2023 |
| Title: Wilmington Savings Fund Society v. Bersadeh Bagheri, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE [7]

Before the Court is Plaintiff Wilmington Savings Fund's Motion to Remand Case (the "Motion"), filed on March 16, 2023. (Docket No. 7). Defendant VooRooGoo ("VRG") filed an Opposition on April 3, 2023. (Docket No. 8). Plaintiff filed a late Reply on April 17, 2023, which the Court did not consider. (Docket No. 9).

The Motion was noticed to be heard on **April 24, 2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. Defendant does not sufficiently allege grounds for removal on the basis of federal question jurisdiction.

I.     **BACKGROUND**

On October 30, 2019, Plaintiff Wilmington Savings Fund filed a Complaint in Los Angeles Superior Court. (Notice of Removal ("NoR"), Ex. A (Complaint) (Docket No. 1)). The Complaint alleges a single claim for unlawful detainer under California Code of Civil Procedure section 1161. (*Id.*)

VRG joined in this action on September 21, 2022. After a series of motions in state court, VRG filed a notice of removal on February 17, 2023. (*See generally*, NoR). VRG asserts Plaintiff's claims are subject to federal question jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-1210-MWF (x) | **Date:** April 19, 2023 |
| **Title:** Wilmington Savings Fund Society v. Bersadeh Bagheri, et al. | |

because Plaintiff filed an eviction proceeding in violation of the CARES Act, federal Fair Housing Act, and the Protecting Tenants at Foreclosure Act (the "PTFA"). (*Id.*).

## II. DISCUSSION

VRG asserts that this Court has subject matter jurisdiction due to federal questions raised in the Complaint under (1) the CARES Act; (2) the Fair Housing Act; and (3) the PTFA.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction cannot be based on an anticipated defense or a counterclaim. *Id.* at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption[.]"); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption[.]").

Plaintiff's Complaint contains a single cause of action for unlawful detainer, a state law claim.

First, VRG argues that the CARES Act forms a basis for federal question jurisdiction because the act "preempts state law as to the tenants of landlords who enjoy the forbearance agreement" governing the ability for these landlords, including Plaintiff to evict their tenants. (Opposition at 5; NOR ¶ 10). VRG contends that

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 2 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-1210-MWF (x)**                              **Date:  April 19, 2023**
**Title:**     Wilmington Savings Fund Society v. Bersadeh Bagheri, et al.

Plaintiff's eviction proceeding arose under the CARES Act and the Complaint while pleaded as a state cause of action, is in reality a federal cause of action.  (Opposition at 3–4).  VRG contends that Plaintiff's right of relief is premised on the CARES Act, a federal law, because Plaintiff must show compliance in order to take possession which gives rise to federal question jurisdiction.  (Opposition at 6).

The Court disagrees with VRG's characterization of the CARES Act issue.  Under the well-pleaded complaint rule, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386.  A plaintiff is not required to bring federal claims. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law.") (*citing Caterpillar Inc.*, 482 U.S. at 392).  VRG fails to point this Court to specific facts in the Complaint that show the CARES Act forms the basis of the Plaintiff's claim.

Numerous federal courts in this circuit have ordered remand in unlawful detainer actions where a defendant raises the issue of the CARES Act but fails to show how plaintiff's complaint arises from the act.  *See Koy-Ghadoush v. Andreiu*, 21-CV-3537-PA (JPRx), 2021 WL 3125515 at *1 (C.D. Cal. Apr. 28, 2021) (remanding action and noting that "although the CARES Act…may be a basis for federal question jurisdiction, the face of [p]laintiff's [c]omplaint does not allege facts establishing that…the CARES Act…form[s] the basis of [p]laintiff's cause of action."); s*ee Kim v. Krietz*, No. 21-CV-251-TLN (JDPx), 2021 WL 1081130 at *1 (E.D. Cal. Feb. 11, 2021) (determining the defendant's argument "that the CARES Act somehow preempts California law or affects the outcome of this case…is part of [d]efendant's defense."); *Saso v. Genho*, No. 21-CV-2030-BLF, 2021 WL 1530215 (N.D. Cal. Apr. 19, 2021) (remanding an "unlawful detainer action[] for lack of federal jurisdiction despite the defendant's assertion of rights under the CARES Act"); *Menhardt v. Tracy*, 20-cv-08670, 2020 WL 8513068, at *2 (N.D. Cal. Dec. 24, 2020) (remanding action where "the face of [the plaintiff's] complaint does not allege facts establishing that the CARES Act is the basis for her cause of action.").  VRG is free potentially to raise compliance with the CARES Act as a defense; however, it does not form the basis of Plaintiff's Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-1210-MWF (x)             **Date:** April 19, 2023
**Title:**      Wilmington Savings Fund Society v. Bersadeh Bagheri, et al.

Second, VRG argues that the federal Fair Housing Act (42 U.S.C. §§ 3601 *et seq*.) (the "FHA") supports federal question jurisdiction because the FHA preempts "state law as to tenants of landlords who discriminate based on prohibited factors." (Opposition at 9). VRG asserts Plaintiff should have brought a claim for ejectment under federal law and suggests that Plaintiff violated the FHA in its eviction proceedings. (*Id.*)

Like its claims about the CARES Act, VRG's allegation that Plaintiff violated the FHA is a potential defense or counterclaim and as such, does not establish federal question jurisdiction. Courts throughout the Ninth Circuit have rejected defendants' arguments that noncompliance with the FHA in an unlawful detainer proceeding constitutes a federal question and forms the basis of federal question jurisdiction. *See Konrad v. Williams*, 2021 WL 3159811 at *1 (E.D. Cal. June 2, 2021) (remanding an unlawful detainer action to state court and noting the defendant's argument that the "Fair Housing Act…preempt[s] California law or affect[s] the outcome of this case…is part of [d]efendant's defense."); *see IH3 Prop. W., L.P. v. Morgan*, No. CV 14-09507-AB (ASX), 2015 WL 12819164 at *2–3 (C.D. Cal. Jan. 7, 2015) (remanding an unlawful detainer action where the defendant claims the plaintiff violated the Fair Housing Act); *see also Parodi v. Arnote*, No. CV135999UADUTYX, 2013 WL 12415697 at *1 (C.D. Cal. Sept. 3, 2013) (same).

Lastly, VRG argues the PTFA preempts state law. (Opposition at 7). VRG contends that it would be impossible to evict a "bona fide residential tenant of a foreclosed landlord" under California law because the PTFA is controlling. (*Id.*). VRG concludes that an eviction would, therefore, have to proceed as ejectment under federal law. (*Id.*)

VRG does not point to any facts in the Complaint that show the PTFA forms the basis of the Plaintiff's cause of action. VRG's claims under PTFA constitute a defense or a counterclaim. *See California Equity Mgmt., Grp., Inc. v. Hammer*, 2012 WL 3069954, at *2 (E.D. Cal. July 26, 2012) ("[d]efendant's assertions of the [PTFA] are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-1210-MWF (x)            **Date:**  April 19, 2023
Title:     Wilmington Savings Fund Society v. Bersadeh Bagheri, et al.

complaint.")  Courts in this circuit routinely determine that the PTFA cannot form the basis for federal question jurisdiction where a plaintiff's only cause of action is for unlawful detainer under California law.  *See Felder v. Novikoff,* No. SA-CV-2300149-CJC (KESx), 2023 WL 2330398 at *1 (C.D. Cal. Mar. 2, 2023) ("The PFTA is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction."); *see also Fed. Home Loan Mortg. Corp. v. Lee*, No. 2:12-CV-00867 JAM, 2012 WL 1657736, at *2 (E.D. Cal. May 10, 2012) (remanding an unlawful detainer action where defendant raised the plaintiff's failure to comply with the PTFA as grounds for removal).

       Defendant fails to show how Plaintiff's Complaint, which raises a single claim for unlawful detainer, alleges facts to show it arises from the CARES Act, the PTFA, or the Fair Housing Act.  The Court must therefore conclude that VRG intends to raise these issues as defenses which do not give rise to federal question jurisdiction.  *See Deutsche Bank Nat'l Tr. Co. v. Yanez*, No. 5:15-CV-2462-VAP (DTBx), 2016 WL 591752 at *1 (C.D. Cal. Feb. 11, 2016); *Caterpillar, Inc.*, 482 U.S. at 392–93.

       Because the Court determines there is no subject matter jurisdiction, it does not reach the issue of the timeliness of VRG's removal.

       Accordingly, Motion is **GRANTED**.  The Court orders the Clerk to **REMAND** this action to the Superior Court of the State of California for the County of Los Angeles.

       IT IS SO ORDERED.